E. E. McHENRY and JAMES McHENRY v. FRANK KEITHLEY, C. H. KEITHLEY, HATTIE KEITHLEY, and J. L. SIMPSON, Guardian of the Other Defendants.

No. 6353; November 7, 1879.

**Guardianship—Exclusive Jurisdiction of Probate Court.**—The probate court, after having appointed an infant's guardian, has sole jurisdiction of proceedings either to settle the past or to insure the future maintenance and education of the infant. The district court has no jurisdiction to order a mortgage of the real estate of the infant.

APPEAL from Sixth Judicial District, Sacramento County.

The plaintiff, E. E. McHenry, formerly the wife of Wm. Keithly, deceased, father of the defendants Frank, C. H. and Hattie Keithley, brought this action alleging that she had incurred a large indebtedness in the education and maintenance of the children; that the indebtedness was secured by a mortgage upon her life estate in certain lands constituting the estate of Wm. Keithley, which mortgage was being foreclosed. She asked judgment that the guardian of the children be required to borrow five thousand dollars upon the children's interest in the land, for the purpose of paying the indebtedness and further maintaining and educating the children. Judgment was rendered for the plaintiff and the defendants appealed.

W. P. Treadwell and C. P. Sprague for appellants; F. E. Baker and J. C. Ball for respondents.

By the COURT.—When a guardian of the estate of an infant has been appointed by the probate court, the jurisdiction of all proceedings instituted for the purpose of paying the indebtedness incurred in the maintenance and education of the infant, or for the purpose of raising money for his future maintenance and education, pertains exclusively to the probate court. The district court, therefore, has no jurisdiction to order the lands of the infant to be mortgaged for the purposes above mentioned.

Judgment reversed and cause remanded, with directions to dismiss the action. Remittitur forthwith.